PER CURIAM.
Hamptons Development Corporation seeks to overturn a ruling by the Department of Business Regulation, Division of Land Sales, Condominiums and Mobile Homes (Division) interpreting section 718.-301(l)(a), Florida Statutes (1985). The statute provides:
Unit owners other than the developers are entitled to elect not less than a majority of the members of the board of administration of an association:
(a) Three years after 50 percent of the units that will be operated ultimately by the association have been conveyed to purchasers ....
The Hamptons West, a condominium, was established by the appellant developer on November 8,1984. In December of that same year, the developer sold seventy-five of its units to Consolidated Mortgage Company, retaining control of less than fifty percent of the units which would ultimately be operated by the condominium association. In August, 1986, less than three years later, the appellant-developer reacquired title, by foreclosure and judicial sale, of all of the seventy-five units previously conveyed to Consolidated Mortgage. This reacquisition returned the developer to a position of owning more than fifty percent of the condominium units.
Later in August, 1986, Hamptons Development sought a declaration from the Division that the condominium control turnover provision of section 718.301(l)(a) should not be triggered by the 1984 conveyance of more than fifty percent of the units, urging that a more equitable result would be achieved by construing the statutory phrase “conveyed to purchasers” to exclude the type of “temporary” conveyance which occurred under the facts of this case, or by employing a “relation back theory.”
Rejecting the developer’s entreaty the Division Director ruled:
According to the statute set forth above, unit owners other than the developer “are entitled” to elect at least a majority of the board of administration three years after 50% of the units in the condominium have been conveyed to purchasers. There is no exception contained in the statute which provides for a reacquisition of developer entitlement to control once a 50% sellout is achieved and three years elapses, and the developer subsequently reacquires 50% of the units. Rather, once this figure is achieved, unit owners other than the developer become entitled to elect a majority of the board of administration. To interpret the statute in such a manner as to provide an exception where none currently exists would generate wholesale uncertainty in the operation of the turnover provisions of Chapter 718. Moreover, according to the declaratory statement issued by the Division in Bay Yacht Club Condominium Association, Inc., once the developer by statute loses the right to elect a majority of the board, that developer may not regain control of the association. [Footnote omitted.]
We agree with the Division’s interpretation of the statute.
Affirmed.